### ALBERT COOK v. JOSEPH TARDOS.

The charge brought against the captain of a vessel, of having attempted to sell a portion of the cargo which he had stolen, justifies the imposition of damages for slander.

APPEAL from the First District Court of New Orleans, *Larue*, J.   *W. S. Upton*, for plaintiff.   *H. H. Taylor*, for defendant.   The judgment of the court (*Eustis*, C. J., absent,) was pronounced by

PRESTON, J.   The plaintiff, master of the ship Tennessee, carried, as freight, a large quantity of lard from this port to Marseilles, in France.   The weather was extremely warm, and it is proved that a considerable quantity of the lard leaked out of the barrels into the hold of the vessel.   It is even stated by witnesses, that the best cooperage cannot prevent this.

The lard was pumped up with the bilge-water, extracted and saved, and was claimed by the master.   He has offered some testimony, to show that this is customary as to lard, turpentine, and articles with regard to which leakage cannot be prevented.   The consignees, however, refused to recognize the custom, claimed the lard, and the master abandoned it to them.

A cargo of wine, consigned to the house of which the defendant was a partner, was taken in return.   It appears that the casks of wine were much soiled by grease, which had been absorbed by the timbers of the vessel's hold, according to the opinion of the port-wardens of New Orleans, and a dispute arose between the master and the defendant's firm, who were consignees of the wine, as to the damage caused to it and the freight.

The defendant, in speaking of their dispute at the port-warden's office, said that the damage to the cargo of wine on the Tennessee, consigned to his house, was caused by the captain stealing lard out of the hold of the vessel, alluding to the difficulty with its consignees in France, which had been the subject of conversation at a dinner, at which he was present.   And, says the witness, the import of his words were, that the plaintiff was not to be believed, and that he had attempted to sell the stolen lard in Marseilles.

There was nothing in what occurred in France, as disclosed by the defendant's own affidavit, which justified such charges.   The circumstances grew out of a supposed custom, which was strange in France, and seems strange to us.   But we are sure the defendant would not have given to them the coloring which has given rise to this suit, but for the disagreement with the master about the damages caused to the cargo consigned to his house, and the freight claimed for its transportation.   The coloring given by the defendant to the transaction, was entirely unwarranted, and, as proved by witnesses, tended to injure the plaintiff in his business.   He is proved to be a man of good character, and the excuses offered by the defendant for attempting to injure it, are insufficient.

A jury rendered a verdict for four hundred dollars damages, in favor of the plaintiff against the defendant, and we cannot disapprove the verdict and judgment, which is affirmed, with costs.